■ Town of Brookhaven, Appellant, v Celia Durao, Also Known as Celia R. Durao, et al., Respondents. [802 NYS2d 181]—

In an action, inter alia, to enforce certain building, zoning, and general ordinances of the Code of the Town of Brookhaven, the Town of Brookhaven appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated March 3, 2003, as granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of the same court dated December 3, 2003, which amended the prior order.

Ordered that the order dated March 3, 2003, as amended December 3, 2003, is reversed insofar as appealed from, on the law, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated December 3, 2003, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This is an action, inter alia, to enforce certain building, zoning, and general ordinances of the Code of the Town of Brookhaven that regulate the use of land. The Supreme Court granted the defendants' cross motion to dismiss the complaint on the ground that the general authority to commence actions on behalf of the Town, given to the Town Attorney by the Town Board's resolution of January 4, 2001, was insufficient to satisfy the requirements of Town Law § 65, and that in the absence of specific authorization by the Town Board, the Town Attorney was without authority to commence this action. Town Law § 268 (2) provides, however, that "the proper local authorities of the town . . . may institute any appropriate action or proceedings to prevent" the use of land in violation of any local restriction. Here, the Town Board's delegation to the Town Attorney of the authority to prosecute violations of the town's local laws (*see* Brookhaven Town Code § 20-22 [C] [10]) was sufficient to designate the Town Attorney as the "proper local authorit[y]" to commence civil actions to enjoin such violations under Town Law § 268 (2). Thus, without regard to Town Law § 65 or the January 4, 2001 resolution, the Town Attorney had the authority to commence this action on behalf of the Town, and the action, therefore, should not have been dismissed.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.