TOWN OF BABYLON, Appellant, v INVESTMENT PROPERTIES, INC., Defendant, and SNEAK A PEAK, INC., Doing Business as PEAK-A-BOO, Respondent. [925 NYS2d 878]—

In an action, inter alia, to enjoin the defendants from operating an adult retail establishment on certain premises without a valid certificate of occupancy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 7, 2010, as granted the cross motion of the defendant Sneak A Peak, Inc., doing business as Peak-A-Boo, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff lacked the legal capacity to initiate and maintain the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant Sneak A Peak, Inc., doing business as Peak-A-Boo, pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it is denied.

The defendant Investment Properties, Inc., leased premises in the Town of Babylon to Sneak A Peek, Inc., doing business as Peek-A-Boo, incorrectly sued herein as Sneak A Peak, Inc., doing business as Peak-A-Boo (hereinafter the defendant). The defendant intended to operate an adult retail establishment at the premises. The Town commenced this action to enjoin the conversion of the premises into an adult retail establishment, and the operation of such a business at the premises, in the absence of a valid certificate of occupancy. The defendant cross-moved to dismiss the complaint insofar as asserted against it on the ground that the Town Board of the Town of Babylon (hereinafter the Town Board) had not enacted a resolution authorizing the commencement of the action, and that the Town, thus, lacked capacity to commence and maintain the action. The Supreme Court granted the cross motion. We reverse.

By enactment of section 1-16 (A) of the Town Code of the Town of Babylon, the Town Board delegated to the Town Attorney of the Town of Babylon (hereinafter the Town Attorney) the authority to prosecute violations of the Town's local laws. That authorization was sufficient to designate the Town Attorney as the "proper local authorit[y]" to commence civil actions to enjoin violations under Town Law § 268 (2). Thus, the Town Attorney had the capacity and authority to commence this action on behalf of the Town (*see Town of Brookhaven v Durao*, 21 AD3d 1083, 1084 [2005]). Accordingly, the defend-

ant's cross motion should have been denied. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.